[Civ. No. 36643. First Dist., Div. Two. Jan. 21, 1976.]

WELLS NATIONAL SERVICES CORPORATION,
Plaintiff and Appellant, v.
COUNTY OF SANTA CLARA, Defendant and Respondent.

## COUNSEL

Jacob Paull for Plaintiff and Appellant.

William M. Siegel, County Counsel, and Robert J. Menifee, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**TAYLOR, P. J.**—Wells National Services Corporation, the taxpayer, appeals from an adverse judgment in its action to recover taxes paid under protest, contending that pursuant to the written agreements for providing television rental services to patients, its interest in the premises owned by the County Hospital District was not a taxable possessory interest, as defined by Revenue and Taxation Code section 107. We have concluded that the judgment in favor of the county must be affirmed.

The matter is before us on an agreed stipulation of facts that may be summarized as follows:

On January 31, 1966, taxpayer herein, Wells National Services Corporation, then known as Wells Television, Inc., referred to therein as "Concessionaire," and El Camino Hospital District, referred to therein as "District," executed a document denominated "Concessionaire Agreement." This agreement, together with an addendum dated on or about April 6, 1966, was attached to the complaint incorporated therein in full by reference. On May 11, 1972, the same parties executed a further agreement, bearing the same denomination, likewise attached to the

complaint, incorporated in full therein. The first agreement, together with its addendum, was in full force and effect from January 31, 1966, to May 31, 1972; the second agreement, "Exhibit B," became effective on June 1, 1972, and has remained in full force and effect until all times here pertinent.

El Camino Hospital is located in the City of Mountain View in the County of Santa Clara, and owned by the County Hospital District. It has a total bed capacity of 453; 42 of these are in the pediatrics section, and 36 in the psychiatric section. At no time during the term of either agreement was the taxpayer requested by District to provide television service to either the pediatrics or psychiatric sections.

Pursuant to the foregoing, the county assessor concluded that taxpayer had a possessory interest in the property owned by the Hospital District on the lien dates March 1, 1972, and March 1, 1973, and assessed the taxpayer for the interest for the fiscal years 1972-1973 and 1973-1974. The taxpayer paid under protest the taxes for both fiscal years, contending that there was no basis for assessing or collecting said taxes and filed this action to recover the taxes paid under protest, pursuant to Revenue and Taxation Code section 5138.

The relevant portions of the agreements referred to above were aptly summarized in the county's brief, as follows: Pursuant to both agreements, the taxpayer continuously has had the exclusive right to provide television receivers for rental to patients at El Camino Hospital. During the term of the agreements, title to all equipment remains in taxpayer and the risk of loss or damage to the equipment remains with taxpayer. All maintenance and repair to all television equipment is provided by taxpayer and satisfactory operation of the equipment is the responsibility of taxpayer. The administration of rentals, including the moving of receivers, is the sole responsibility of taxpayer, as are all billing and collection from patients.

Pursuant to the agreement of January 31, 1966, taxpayer received rentals of $2 per television set per day for each user. Pursuant to the agreement dated May 11, 1972, taxpayer received rentals in the amount of $2 per television set per day for black and white and $2.75 for color. Taxpayer is required to pay to the El Camino Hospital Auxiliary the sum of $1,000 per month or 35 percent of the rentals received during the month, whichever is greater.

Each agreement is for a six-year term, is binding on successors and assignees, and contains no provisions for cancellation. Each agreement also contained a provision whereby the taxpayer agreed to obtain public liability and property damage insurance and to hold the District harmless.

Because of the variety of interests that may be created by agreements, the precise boundaries of the statutory[1] and constitutional language have not been specifically set by the Legislature or the courts. ■ Thus, the question of whether a particular interest is a taxable, possessory one, is to be decided on a case-by-case basis by weighing the factors of exclusiveness, independence, durability and private benefit (*Mattson* v. *County of Contra Costa,* 258 Cal.App.2d 205 [65 Cal.Rptr. 646]). ■ While pursuant to the statute a taxable interest may be less than a leasehold, it must be sufficiently exclusive, durable and independent of the public owner to constitute more than an agency (*Pacific Grove-Asilomar Operating Corp.* v. *County of Monterey,* 43 Cal.App.3d 675, 693 [117 Cal.Rptr. 874]). We turn, therefore, to an examination of each of the above factors in the light of the arguments here in issue.

As to the *exclusive* nature of the taxpayer's interest, we point out that each of the agreements specifically set forth its purpose as follows: "During the term of this agreement, District agrees that Concessionaire shall have the sole and exclusive right to provide television equipment to District for the purpose of rental to patients and furthermore, to install and maintain all television equipment for use by patients. District agrees that it will, whenever possible, prohibit patients or other users from bringing in or using privately owned television receivers. However, any television set or monitoring device which is used in the treatment of patients is expressly excepted from this Agreement, i.e., x-ray, cobalt and the like." ■ The District's express agreement to whenever possible prohibit the use of privately owned television sets, effectively disposes of the taxpayer's argument disavowing exclusiveness.

The closest case on its facts with the instant one is *Mattson* v. *County of Contra Costa, supra,* which concerned an agreement between the City of Concord and a restaurant concessionaire who operated a profit-making snack bar and vending machines at the municipal golf course.[2] In

---

[1]*International Paper Co.* v. *County of Siskiyou,* 515 F.2d 285, recently held, at page 290, that the statutory list of possessory interests was not all-inclusive.

[2]The taxpayer there, as in the instant case, also pointed to the term "concessionaires" used in the agreement. This court (Div. Four) held, however, at page 207, that the provisions of the entire agreement are controlling and not the descriptive words used by the parties.

concluding that the balance of all the relevant factors was in favor of a taxable possessory interest, this court said at page 209: "In arrangements of the general nature of the one before us, to which a unit of government is a party, almost inevitably there are some features of relative durability, independence, exclusiveness and fixedness, and others of relative impermanence, subjection to control and public participation." The fact that this conclusion was also applied to the vending machines in *Mattson* makes it closely analogous to the instant case.

The taxpayer here attempts to argue that its interest was not exclusive because it was not required to furnish television rental services to the pediatrics and psychiatric sections. The agreement of May 11, 1972, however, provided that the taxpayer agreed to furnish free labor for the repair of the hospital-owned receivers in the pediatric[3] section. Furthermore, as we indicated in *Sea-Land Service, Inc.* v. *County of Alameda,* 36 Cal.App.3d 837, 841-842 [112 Cal.Rptr. 113], citing *Board of Supervisors* v. *Archer,* 18 Cal.App.3d 717 [96 Cal.Rptr. 379], the test is not exclusive possession against all the world, including the owner. The fact that a right of possession to some extent must be shared with others does not mean per se that there is no taxable possessory interest. Rather, the controls on the right of possession are factors to be considered in fixing the value of the possessory interest (*United States of America* v. *County of Fresno,* 50 Cal.App.3d 633, 639 [123 Cal.Rptr. 548]). In the instant case, as in *Mattson, supra,* the public entity had some control over the advertising. Here, apart from the exception noted above, the agreement expressly provides that the taxpayer has the exclusive right to provide television receivers for rental to patients at the hospital. The first agreements expressly provided for the termination of the District's relationship with the prior purveyor of television rental services. As in *Sea-Land* and *Archer, supra,* there is no reason why the taxpayer here should " '. . . not contribute its proper share, according to the value of the interest, whatever it may be, of the taxes necessary to sustain the Government which recognizes and protects it?' " (*Kaiser Co.* v. *Reid,* 30 Cal.2d 610, 618 [184 P.2d 879], quoting from *People* v. *Shearer,* 30 Cal. 645, 657.)

As to durability, the taxpayer points to the six-year term of each of the agreements. ■ We think this is a sufficient period of time to meet the criterion of durability. *Mattson, supra,* at page 211, indicated that a term of five years was of sufficient duration. Here, the total term of the 2 agreements was 12 years and thus closer to the 20-year terms in *Sea-Land, supra.* Further, while the agreements are not expressly made

[3]The record does not indicate the basis for the exclusion of the psychiatric section.

unassignable,[4] they are made binding on all successors and assigns, a provision more akin to the usual nonassignable aspects of a lease than a personal and revocable license (see *Mattson, supra,* at p. 211; *Beckett* v. *City of Paris Dry Goods Co.,* 14 Cal.2d 633, 636-637 [96 P.2d 122]).

The county argues that the exclusive right granted to the taxpayer is, in effect, irrevocable for the term of the agreement, and, therefore, is the equivalent of an easement. We need not determine this question. Since the agreements specifically state the taxpayer has the right to remove the television sets, the taxpayer's interest is more akin to a license coupled with an interest (cf. *Bomberger* v. *McKelvey,* 35 Cal.2d 607, 618-619 [220 P.2d 729]) and, therefore, more in the nature of an irrevocable possessory interest.

▪ As to the element of independence of the taxpayer, the agreements provide that the taxpayer is entirely responsible for all of the billings and collections, as well as the ownership, maintenance and repair of the television sets. Also indicative of the independence of the taxpayer's operation were the provisions for the indemnification of the District (*Mattson, supra,* p. 211).

Last, but not least, we turn to the element of "private benefit." As this court (Div. Four) recently noted in the *Asilomar* case, *supra,* at page 695, the profit motive is a significant factor in determining the nature of the taxpayer's interest. The taxpayer here does not deny the profit-making aspect of the agreements, but attempts to find a distinction because it makes its payments to the auxiliary rather than directly to the District. ▪ We do not think this is a meaningful distinction.

We conclude, therefore, that in the instant case, the substantial balance of the factors of exclusiveness, durability, independence and private benefit is on the side of a taxable possessory interest within the meaning of Revenue and Taxation Code section 107. It follows that the judgment in favor of the county should be affirmed.

The judgment is affirmed.

Kane, J., and Rouse, J., concurred.

---

[4]The mere facts of nontransferability or revocability, however, do not in and of themselves indicate that there is no taxable possessory interest (*United States* v. *Fresno, supra,* at p. 639).